JOHN FOLEY *et al.*, Appellants, *against* GILBERT M. SPEIR, Impleaded with Horatio F. Averill, Respondent.

(Decided December 4th, 1882.)

A promise by a candidate for office, to contribute money toward the expenses of a political organization, cannot be enforced where a part of such expenditure is for purposes for which a candidate is expressly prohibited by statute from contributing; such as enrollment of voters and rent of rooms for the association.

APPEAL from a judgment of the General Term of the Marine Court of the City of New York, affirming a judgment of that court entered upon the dismissal of a complaint.

The complaint in this action alleged that the plaintiffs, together with the defendant Averill, were the executive committee of a political organization in the City of New York known as the "Reform Association," and that the defendant Speir was a candidate for the office of Judge of the Superior Court of the City of New York at the election held in November, 1873. That in October, 1873, in con-

sideration of certain expenditures to be made by said executive committee in defraying the expenses for printing and the circulation of votes, handbills and other papers, and for conveying sick, poor and infirm electors to the polls, the said Speir promised to pay to such committee the sum of $2,000 as his proportion and contribution of such expenses. That said committee, in consideration of the " promises," paid for the above purposes $8,601.63 and upward, and said Speir by the terms of his said promise became indebted to said committee in the sum of $2,000.

The defendant Speir denied everything except that he was a candidate for office, and that he had not paid the $2,000.

The plaintiff John Foley, in his examination, stated that the amounts disbursed were for, among other things, the expenses in maintaining the rooms of and running the association.

Henry M. McLaren testified to the same fact, and also that a part of these expenses were incurred in making an enrollment of the voters of the district.

Upon the termination of the plaintiffs' case a motion was made to dismiss the complaint, which was granted, and an exception taken, and from the judgment thereupon entered an appeal was taken to the General Term of the Marine Court, where the judgment was affirmed. From such judgment of affirmance the plaintiffs appealed to this court.

*James Henderson*, for appellants. — A contract for the printing and circulating of votes, handbills and other papers previous to election is a valid contract (1 Edm. Stat. 145, § 6, subd. 5). The contract between the plaintiffs and the defendant Speir was such a contract.

The printing and circulating of votes, handbills and other papers necessarily include such incidental expenses as are requisite for the proper printing and circulation thereof (*Hurley* v. *Van Wagner*, 28 Barb. 112 ; *Sizer* v. *Daniels*, 66 Barb. 432).

*Henry Thompson*, for respondent.—The transaction between plaintiffs and defendant Speir, as set forth in the testimony of plaintiffs, was illegal and void, because prohibited by statute (1 R. S. 6th ed. 452; *Jackson* v. *Walker*, 5 Hill 27; affirmed, 7 Hill 387; *Bell* v. *Quin*, 2 Sandf. 148; *Barton* v. *Port Jackson &c. Co.*, 17 Barb. 397; *Morgan* v. *Groff*, 4 Barb. 525).

It is no answer to the objection of illegality to show that a small portion of the association's expenditure was for purposes allowed by the statute (*Saratoga County Bank* v. *King*, 47 N. Y. 87; *Marsh* v. *Russell*, 2 Lans. 340; *Knowlton* v. *Congress, &c., Spring Co.*, 57 N. Y. 534; *Arnot* v. *Pittston &c. Coal Co.*, 68 N. Y. 558; Parsons on Contracts, 380; Smith on Contracts, 122; Chitty on Contracts, 56; *Rose* v. *Truax*, 21 Barb. 361; *Bell* v. *Quin*, 2 Sandf. 148). Whether the illegality which vitiates the contract springs from statutory enactment or from grounds of public policy, the rule is the same. The contract cannot be enforced, whether it be *malum prohibitum* or *malum in se* (*Pennington* v. *Kean*, 7 Wend. 278). The cases of *Sizer* v. *Daniels* (66 Barb. 432), *Leavitt* v. *Palmer* (3 N. Y. 19), and other cases of that class, do not conflict with the foregoing proposition.

The alleged agreement is void, because it is against public policy and good morals (*Mierson* v. *Koch*, decided at General Term of this court, December, 1880).

VAN BRUNT, J.—[After stating the facts as above.]— It appears conclusively from the evidence above stated that the moneys to be contributed under the alleged promise of the defendant were to be devoted to purposes for which a candidate was expressly prohibited by statute from contributing. The money was to be devoted, among other things, towards the expenses of the Reform Association, an organization formed for the purpose of aiding the election of certain particular candidates and a particular ticket. Now the only expenses which could be legally incurred were those for the purpose of defraying the cost of printing

and the circulation of votes, handbills and other papers, previous to any election, &c. The enrollment of voters cannot be included under any of the above heads; and under the case of *Jackson* v. *Walker* (5 Hill 27) room rent would also come within the prohibition. It is true that this decision has been questioned in *Hurley* v. *Van Wagner* (28 Barb. 112), but it has never been overruled. This promise, therefore, having its support upon illegal expenditures, cannot be enforced, and the judgment appealed from must be affirmed, with costs.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.